```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-1-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LUIS BURGOS-SANTOS,

                Petitioner,                  05 CIV. 3736 (PKC) (RLE)

      -against-

                                                           MEMORANUM
                                                            AND
                                                             ORDER

GARY GREENE, Superintendant, Great
Meadows Correctional Facility,

                Respondent.
-----------------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.:

        Petitioner Luis Burgos-Santos was convicted on July 22, 1998 of murder in the second degree (N.Y. PENAL LAW § 125.25(2)) and criminal possession of a weapon in the second degree (N.Y. PENAL LAW § 265.03). People v. Burgos-Santos, 287 A.D.2d 338, 338 (1st Dep't. 2001). He was sentenced to an indeterminate term of twenty-five years to life on the count of second degree depraved indifference murder and a determinate term of fifteen years on the count of criminal possession of a weapon, with sentences to run concurrently. Id. On October 18, 2001, the Appellate Division affirmed the conviction. Id.

        Initially filing pro se, and now continuing with counsel, petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and asserts that: (1) the verdict was against the weight of evidence; (2) the evidence was legally insufficient to support the jury's verdict; (3) the trial court improperly permitted the prosecution to impeach him with a withdrawn alibi notice; and (4) he received ineffective assistance from both trial and appellate counsel. (Pet. ¶ 12.) I referred the petition to the Honorable Ronald L. Ellis, United States Magistrate Judge. On

Mailed 7/1/09

March 23, 2009, Magistrate Judge Ellis issued a 27-page Report and Recommendation ("R & R") in which he recommended that the petition be denied in its entirety.

Magistrate Judge Ellis concluded that petitioner's first claim should be rejected because the claim is not cognizable on a federal habeas corpus review. (R & R 12.) In concluding that petitioner's second claim should fail, the Magistrate Judge reasoned that the presumption of legal sufficiency accorded to the state court's findings had not been overcome. (R & R 15.) Further, Magistrate Judge Ellis recommended that the third claim, regarding the withdrawn alibi notice, should be denied because it is procedurally barred and that the fourth claim, regarding the ineffective assistance of counsel, should be denied because petitioner failed to make the required showing for an ineffective counsel claim – i.e. that there were errors so serious that counsel was not functioning as guaranteed counsel and that the deficient performance prejudiced him. (R & R 16.)

Pursuant to Rule 72(b), Fed.R.Civ.P., any objections to the R & R must be filed within ten days of service. See Frank v. Johnson, F.2d 298, 300 (2d Cir. 1992). I will review petitioner's objections below. Upon a de novo review of the Magistrate Judge's R & R, I adopt it in its entirety and deny the petition for a writ of habeas corpus. The relevant facts and procedural history are described in detail in the R & R and will only be repeated where necessary to explain my analysis of petitioner's objections.

PROCEDURAL BACKGROUND

Petitioner's request for leave to appeal to the New York Court of Appeals was granted on December 20, 2001. People v. Burgos-Santos, 97 N.Y.2d 679 (2001). Although the Court of Appeals held that the trial court had erred, by applying the standard of harmless error for non-constitutional trial errors, the Court affirmed the conviction. People v. Brown, 98

N.Y.2d 226, 234 (2002), aff'g order Burgos-Santos, 287 A.D.2d 338 (1st Dep't. 2001). On June 1, 2005, Burgos-Santos applied for a writ of error coram nobis in which he claimed ineffective assistance of appellate counsel. (Siligmueller Aff. March 2, 2006, Ex. 12.) On November 29, 2005, that application was denied by the Appellate Division. (Id. Ex. 13.) Petitioner appealed to the Court of Appeals which dismissed the appeal on February 16, 2006 on the ground that "no civil appeal lie from the order of the Appellate Division entered in this criminal proceeding." People v. Burgos-Santos, 6 N.Y.3d 798 (2006).

## DISCUSSION

### 1. *Exhaustion of Claims*

In his first objection to the R & R, petitioner contends that the Magistrate Judge should have considered all of the claims exhausted. (Obj. 2.) In support, petitioner points only to the Magistrate Judge's correct assertion that a petition containing both exhausted and unexhausted claims may be presented to this Court. Id. Petitioner correctly points out that the Court may then proceed in one of three ways: (1) deny the petition on the merits pursuant to 28 U.S.C. § 2254(b)(2), when the unexhausted claims are frivolous; (2) dismiss the entire petition without prejudice; or (3) stay the petition pending the exhaustion of state remedies, taking into account whether sending petitioner back to state court to present clearly frivolous claims is a waste of judicial resources. See Zavarela v. Artuz, 254 F.3d 374, 382 (2d Cir. 2001); Tavarez v. New York, No. 07 Civ. 8673 (NRB), 2008 WL 2775810, at *4, n.2 (S.D.N.Y. July 14, 2008); Colon v. Johnson, 19 F. Supp. 2d 112, 120 (S.D.N.Y. 1998))

The Magistrate Judge correctly concluded that petitioner's first and second claims and the part of the fourth claim relating to ineffective assistance of trial counsel are unexhausted because they were not presented to the Court of Appeals. (R & R 7.)

3

2. *Procedural Bar*

      A petitioner may be precluded from pursuing a federal habeas corpus review because of a procedural default if he failed to raise an issue in seeking leave to appeal to the New York Court of Appeals. When that happens, petitioner is procedurally barred from habeas corpus relief. Coleman v. Thompson, 501 U.S. 722, 733 (1991).

      A bar by procedural default can be overcome by showing that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman at 750. This exception to procedural defaults is only available where the petitioner is able to supplement his constitutional violation with a "colorable showing of factual innocence" in the form of newly adduced evidence of innocence. Washington v. Superintendent Otisville Corr. Facilities, No. 96 Civ. 2729 (SAS), 1997 WL 178616, at *7 (S.D.N.Y. Apr. 11, 1997) (quoting McCleskey, 499 U.S. at 494). Petitioner asserts that appellate counsel's failure to argue that a conviction of depraved indifference was inappropriate on the facts of this case, and that fundamental miscarriage of justice will result if this Court fails to consider these habeas corpus claims because of a procedural default or bar. (Obj. 2.) Petitioner has failed to raise any colorable showing of factual innocence in the form of newly adduced evidence, and his objection is without merit.

3. *Insufficiency of the Evidence*

      In deciding whether evidence was legally sufficient to support a jury's verdict, the relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (citation omitted) (emphasis in original). Because a court views the evidence in a light most favorable to the prosecution, the petitioner has "a very high burden in convincing a federal habeas court to grant

a petition on the grounds of insufficient evidence." Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002). A habeas court must decide "whether the record is totally devoid of evidentiary support that a due process issue is raised." Bosset v. Walker, 41 F.3d 825, 830 (2d Cir. 1994) (internal quotation marks and citation omitted), cert. denied, 514 U.S. 1054 (1995). Viewing the evidence in a light most favorable to the prosecution, the record is not devoid of evidentiary support for the verdict and a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The Magistrate Judge correctly concluded that this ground for habeas relief was without merit.

Although the law on depraved indifference murder has undergone significant changes since petitioner's conviction, the relevant law under which the insufficient evidence claim must be analyzed is the law at the time the conviction became final. Policano v. Herbert, 7 N.Y.3d. 588, 600 (2006) (holding that the governing law is the law at the time the petitioner's conviction became final). Petitioner's conviction became final on August 1, 2002, upon the expiration of the 90-day period for petitioning for a writ of certiorari in the United States Supreme Court. See William v. Artuz, 237 F.3d 147, 150-51 (2d. Cir.2001). Petitioner correctly points to People v. Sanchez, 98 N.Y.2d 373 (2002) as controlling law, but incorrectly applies its holding to support the claim that the evidence was legally insufficient to support the jury's verdict. According to Sanchez, if, on the facts of a case, a jury could reasonably have concluded that defendant's conduct was either reckless and depraved or was intentional, and the jury chose reckless and depraved, the court must uphold that determination as long as there is evidence in the record to support that conclusion. Id. at 385. In Sanchez, the Court of Appeals noted that even if a gun was discharged at point-blank range, a rational jury could have concluded that it was an instantaneous and impulsive shooting rather than an intentional killing. Id. at 206.

Strong proof of intent does not foreclose the jury from finding reckless and depraved indifference. Policano, 7 N.Y.3d at 600 (summarizing Sanchez, 98 N.Y.2d 377).

The record shows that petitioner pointed the gun at a group of three people and fired a shot with deadly consequences. (Trial Transcript, June 9, 1998 ("Tr.") at 236.) From these facts, the jury could reasonably have inferred that his actions were reckless and depraved instead of intentional. Because there is evidence in the record to support the jury's conclusion, the jury's determination must be upheld and petitioner's claim that the evidence was legally insufficient to support the jury's verdict fails.

4. *Inappropriate Jury Charge*

Petitioner claims that the trial court inappropriately charged the jury on an alternate theory, depraved indifference murder. (Obj. 4.) Petitioner argues that the jury embraced this alternate theory with the mistaken belief that it would result in a lesser punishment, when in reality, it was a parallel offense that did not lessen the punishment. Id. According to controlling law at the time of the conviction, where both intentional and depraved indifference murder were charged, both counts could be submitted to the jury unless there was absolutely no evidence whatsoever that the defendant may have acted unintentionally. Policano v. Herbert, 7 N.Y.3d 588, 600 (2006). According to the record, petitioner fired the gun while stepping out of his car, with one leg inside and one leg outside. (Tr. at 236.) Because this evidence shows that petitioner may have unintentionally killed Villanueva, charging the jury with alternate theories was in accordance with the law at that time and this objection is without merit. Policano, 7 N.Y.3d at 600.

5. *Ineffective Assistance of Counsel*

6

Claims of ineffective assistance must satisfy a two-part test: "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Courts reviewing such claims "must make every effort . . . to eliminate the distorting effects of hindsight, and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy." Bell v. Miller, 500 F.3d 149, 156 (2d Cir. 2007) (internal quotation marks omitted). Additionally, strategic decisions normally cannot support an ineffective assitance claim. Dunham v. Travis, 313 F.3d 724, 732 (2d Cir. 2002). Here, petitioner has not overcome this presumption.

*a.) Ineffective Counsel at Trial Level*

Petitioner's first claim is that trial counsel was ineffective because of a failure to request 911 tapes and a failure to object when the prosecuting attorney failed to offer those tapes. (Pet. at 6e.) As Magistrate Judge Ellis correctly pointed out, the prosecution did not fail to offer these tapes, and trial counsel represented that the tapes were in his possession, so no objection by petitioner's counsel would have been well-founded. ( R & R 18 citing Trial Transcript, June 3, 1998 ("Tr. 1") at 338.) Therefore, the first prong of the Strickland analysis is not satisfied. Second, petitioner claims that by abandoning an intoxication defense, trial counsel was ineffective. (Pet. at 6e). As Magistrate Judge Ellis correctly pointed out, this defense was not in fact abandoned, therefore, the first prong of the Strickland analysis is not met. (R & R 20.) Finally, petitioner argues that trial counsel was ineffective because counsel failed to object to the prosecutor's use of "unfair tactics". (Pet. at 6e.) As Magistrate Judge

7

Ellis correctly pointed out, the comments made by the prosecutor were consistent with the trial evidence and gave no reason for counsel to object. (R & R 21.) Because petitioner is unable to show that trial counsel's performance was deficient, the first prong of the Strickland analysis is not met, and this claim fails.

### b.) Ineffective Counsel at Appellate Division Level

Next, Petitioner claims that counsel representing him on appeal to the Appellate Division was ineffective because he chose to argue that this was a reckless killing, but in petitioner's view, the evidence did not reach the level of recklessness required for depraved indifference murder. (Pet. At 6e.) Petitioner claims that counsel should have argued that this was in fact an intentional killing and the evidence did not support any finding of recklessness. Id. This was a strategic choice by counsel and petitioner has failed to provide any support for the conclusion that this choice was deficient or that the choice prejudiced his appeal. Strickland at 681 (holding that strategic choices about which lines of defense an attorney chooses to pursue should be given professional deference and that when counsel makes reasonable assumptions and makes a reasonable choice of defense based on those assumptions, he need not investigate defenses that he has chosen not to employ).

As respondent correctly points out, counsel's decision not to attempt to convince that Appellate Division that this was actually intentional murder instead of depraved indifference murder was reasonable in light of controlling case law. Petitioner testified during trial that he did not instigate this accidental shooting, nor did he fire the gun. (Trial Transcript, June 15, 1998 ("Tr. 2") at 454.) He further testified that the gun was in the hand of the Villanueva's friend, Juan Montanez, and during a struggle between petitioner and Juan,

8

the gun went off, hitting and killing Villanueva. (Id.) Petitioner added that he had " . . . never killed anyone." (Id. at 463.)

Because the claim was unpreserved in the trial court, the appellate court would have had to use its discretionary power to reach the insufficiency argument in the interest of justice. In light of petitioner's own testimony that he did not firer a gun, appellate counsel made a strategic and reasonable choice. Instead, counsel chose to argue that the evidence was insufficient to prove recklessness that amounted to depraved indifference. As respondent correctly noted, the Supreme Court has held that appellate counsel does not have the constitutional obligation to raise every non-frivolous issue requested by a defendant. See Murray v. Carrier, 477 U.S. 478 (1986); Jones v. Barnes, 463 U.S. 745 (1983). Further, in attempting to show that appellate counsel's failure to raise a claim constitutes deficient performance, " . . . it is not sufficient for the habeas petitioner to show merely that counsel omitted a non-frivolous argument . . . . " Barnes, 463 U.S. at 745. Rather, an appellate attorney must only select the most promising issues for review; otherwise those issues might be buried in the appellate brief by issues that have a slim chance of winning. Barnes, 463 U.S. at 753. Additionally, constitutionally inadequate performance may be established by a showing that counsel omitted "significant and obvious issues while pursuing issues that were clearly and significantly weaker." Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000).

Because counsel made a strategic decision to focus on the more promising issue and did not omit significant issues while pursuing a weaker alternative, his performance was not deficient. Because the first prong of the Strickland analysis has not been met, this objection to the R & R is without merit.

9

### c.) *Ineffective Counsel at Court of Appeals Level*

Lastly, petitioner claims that counsel representing him on appeal to the Court of Appeals was ineffective because of the decision to abandon his claims regarding the weight and sufficiency of the evidence and the effectiveness of trial counsel. (R & R 25 citing Kerno Reply Mem. at 8.) As respondent correctly points out, a review by the New York Court of Appeals is discretionary. (Respondent's Sur-Response, October 12, 2006 at 1 (referencing Hernandez v. Greiner, 414 F.3d 266 (2d Cir. 2005)).) Because there is no constitutional right to appellate counsel for discretionary appeals, the claim for ineffective assistance of appellate counsel in representing him before the Court of Appeals is not cognizable under federal habeas review. See, Pena v United States, 534 F.3d92, 95 n.7 (2d Cir. 2008).

Magistrate Judge Ellis correctly concluded that this claim would fail on the merits, even if petitioner did have the right to counsel. (R & R 26.) Similar to the ineffective assistance claim at the Appellate Division, counsel before the Court of Appeals was not required to argue every non-frivolous claim. See Murray, 477 at 478; Barnes, 463 at 745. Additionally, petitioner is unable to show that counsel before the Court of Appeals omitted significant and obvious issues while pursuing significantly weaker issues. Stinson, 214 F.3d at 322. Because petitioner is unable to demonstrate that counsel's performance was deficient, he is unable to satisfy the first prong of the Strickland analysis, and this claim is without merit.

For these reasons and for the reasons outlined at length in the R & R, I adopt Magistrate Judge Ellis's finding that petitioner's claim of ineffective counsel is without merit.

## CONCLUSION

I have reviewed petitioner's remaining arguments and find them to be without merit. Having reviewed de novo Magistrate Judge Ellis's Report and Recommendation and the record on which it is based, I find it to be well-reasoned and thoroughly grounded in law.

The R&R is adopted in its entirety and the petition is DENIED. The Clerk shall enter judgment for the respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies that any appeal from this order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, NY
June 30, 2009